# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| ELROD HOLDINGS CORP., et al., | ) Case No. 06-11164 (BLS) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) |
| GEORGE MILLER, Chapter 7 Trustee for the bankruptcy estates of Jack K. Elrod Company, Inc. and Elrod Holdings Corp., | ) ) ) Adv. Pro. No. 07-_____ |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Kincaid Construction | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS

George Miller, the Chapter 7 trustee (the "Trustee" or "Plaintiff") of the chapter 7 estates of Jack K. Elrod Company, Inc. and Elrod Holdings Corp. (collectively, the "Debtors"), by and through his undersigned counsel, for his complaint alleges as follows:

### Summary of Requested Relief

Plaintiff brings this action pursuant to Federal Rule of Bankruptcy Procedure 7001 and 11 U.S.C. §§ 547 and 550, seeking the avoidance and recovery of certain transfers to or for the benefit of the above-captioned defendant, as set forth more fully below.

### Jurisdiction and Venue

1. Venue of these chapter 11 cases in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b). The Court has jurisdiction over this matter under 28 U.S.C. § 1334.

### The Parties

3. On October 16, 2006, each of the Debtors filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), commencing their respective chapter 7 cases (collectively, the "Chapter 11 Cases").

4. Thereafter, the Office of the United States Trustee appointed George L. Miller as the Chapter 7 Trustee of the Debtors' estates.

5. On December 22, 2006, this Court entered an Order directing the joint administration of the Debtors' cases.

6. Defendant Kincaid Construction ("Defendant") was, at all times material hereto, a business entity with a place of business located at 1456 North East Street, Kewanee, Illinois 61443, that transacted business with the Debtors.

### First Claim For Relief
### (Avoidance of Preferential Transfers - 11 U.S.C. § 547)

7. Plaintiff repeats and realleges the allegations in above paragraphs 1 through 6, inclusive, as though fully set forth at length.

8. Within ninety (90) days prior to the filing of the Debtors' chapter 7 petitions, the Debtors made transfers of their property to Defendant of $44,908.50 (the "Transfers") on the dates and in the amounts set forth in Exhibit "A"[1] attached hereto and incorporated herein by reference.

---

[1] The invoice numbers and invoice dates set forth on Exhibit "A" are based on the Debtors' books and records. The Trustee reserves his right to supplement and/or amend the information as necessary.

9. The Transfers were to or for the benefit of Defendant, a creditor of the Debtors at the time the Transfers were made.

10. The Transfers to Defendant were for or on account of an antecedent debt owed by the Debtors before the Transfers were made.

11. The Transfers were made while the Debtors were insolvent.

12. The Transfers to Defendant enabled it to receive more than it would have received (i) under chapter 7 of the Bankruptcy Code, (ii) if the Transfers had not been made, and (iii) Defendant received payment on the debt to the extent provided by the provisions of the Bankruptcy Code.

13. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that the Transfers are avoided.

## Second Claim For Relief
### (For Recovery Of Property -- 11 U.S.C. § 550)

14. Plaintiff repeats and realleges paragraphs 1 through 13 above as though fully set forth herein.

15. As alleged above, Plaintiff is entitled to avoid the Transfers under 11 U.S.C. § 547.

16. As the Defendant is the initial transferee of the Transfers, Plaintiff is entitled to immediately recover for the proceeds or value of the Transfers under 11 U.S.C. § 550.

**WHEREFORE**, Plaintiff prays for the following relief against Defendant:

    a.    For a judgment that the Transfers are avoidable as preferential transfers under 11 U.S.C. § 547;

    b    For a judgment under 11 U.S.C. § 550 in favor of Plaintiff and requiring Defendant to immediately pay not less than $$44,908.50 to Plaintiff;

    c.    For a judgment disallowing any claims of the Defendant pursuant to 11 U.S.C. § 502(d) if Defendant fails or refuses to turn over or pay to Plaintiff an amount not less than the Transfers;

    d.    For a judgment awarding Plaintiff costs of suit incurred herein, including, without limitation, attorneys' fees and interest; and

    e.    For such other and further relief as the Court may deem just and proper.

**FLASTER/GREENBERG P.C.**

Dated: August 16, 2007    By: _____
William J. Burnett, Esquire (No. 4078)
913 Market Street, Suite 1001
Wilmington, DE 19801
Telephone: 302-351-1910
Facsimile: 302-351-1919
william.burnett@flastergreenberg.com

*Attorneys for the Liquidating Trustee*